*1123 OPINION.
Smith :
The issue involved in this proceeding is whether 516 shares of stock of the Brooks-Scanlon Corporation sold by the petitioner in 1924 were acquired by him in 1917 at $110.25 per share as contended by the respondent, or in 1928 at $200 per share as contended by the petitioner. In making delivery to the purchaser the petitioner turned over to the stock transfer clerk certificates of stock acquired by him in 1917. He alleges, however, that it was his intention to sell and that he did sell shares of stock acquired by him in 1923.
The evidence with respect to the intention of the petitioner as to the shares of stock sold is entirely unsatisfactory. In 1924 it was apparently a matter of no consequence to the petitioner whether he was selling shares acquired by him in 1917 or shares which he had agreed in 1923 to acquire from the O’Briens. There is no evidence that he had in mind the income-tax consequences of sales from one lot or from the other. Although in his letter to Chamberlain in November, 1924, he said that he would sell to Chamberlain 250 shares of stock which he had purchased from William O’Brien, he apparently had in mind only the fact that the sale would be at the same price which he was paying the O’Briens for an equal amount of stock, namely, $200 per share. There is no evidence that the petitioner made any mistake in turning over, to the stock transfer clerk of the Brooks-Scanlon Corporation certificates for shares of stock which he had purchased in 1917 rather than certificates for shares which he had agreed to purchase from the O’Briens. In November, 1924, the petitioner had no certificates for shares of stock which he had acquired from the O’Briens. Certificates for 460 shares of stock formerly belonging to the O’Briens had been released to him in April, 1924, and at his instance a certificate for 10 shares of this stock was issued to L. H. Weber on June 10, 1924, and certificates for 450 shares were issued to the Brooks-Scanlon Lumber Co. The record conclusively shows that in November, 1924, the petitioner was not a stockholder of record with respect to any shares of stock which he had acquired or was .to acquire from the O’Briens. It must be assumed that the petitioner intended to sell in 1924 shares of stock of the Brooks-Scanlon Corporation which he owned and which he could deliver to the purchaser. His delivery .to the stock transfer clerk of certificates for shares of stock acquired by him in 1917 tends to disprove the contention of the petitioner that he intended to sell and did sell the 516 shares of stock in question from the lot which he had contracted to purchase from the O’Briens.
*1124 The Commissioner is authorized to make needful rules and regulations for the enforcement of the provisions of the taxing statute involved. (Section 1303, Revenue Act of 1921.) Under this authority the Commissioner promulgated article 39 of Regulations 62, which reads in part as follows:
Sale of stock and rights — When shares of stock in a corporation are sold from lots purchased at different dates and at different prices and the identity of the lots can not be determined the stock sold shall be charged against the earliest purchases of such stock. * * *
In Skinner v. Eaton, 44 Fed. (2d) 1020, the court upheld the application of the rule that sales of unidentified stock were presumed to have been made from lots of stock first purchased, and that the use of an average cost was not permissible. Oral declarations of the taxpayer as to his intention to sell the more recently purchased stock and to retain his original holdings were insufficient to change the result. It was held that article 39 of Regulations 45, the same in substance as article 39 of Regulations 62, was binding and had the effect of law.
In the proceeding at bar we are of the opinion that the petitioner has not established that it was his intention to sell the 516 shares of stock in question from the lot of stock purchased by him from the O’Briens rather than from the lot of stock acquired by him in 1917. The action of the Commissioner in holding that the shares of stock sold in 1924, and involved in this proceeding, were acquired by the petitioner in 1917 at a cost of $110.25 per share is sustained.
The deficiency found by the respondent for the year 1925 is affirmed.
Reviewed by the Board.

Judgment will be entered for the respondent.

SternhageN, Phillips, and Murdock concur in the result only.
Trussell dissents.